**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**DAVID GAGNON**
and **EDLYN HILBERT**,
Plaintiffs,

v. 2:26-cv-1100-KCD-NPM

**A & E ADVENTURES LLC**
and **MICHAEL ABECASSIS**,
Defendants.

---

## ORDER REMANDING CASE TO STATE COURT

On March 2, 2026, plaintiffs David Gagnon and Edlyn Hilbert initiated a class action in state court against defendants A&E Adventures LLC and Michael Abecassis, alleging they willfully violated the minimum wage provisions of the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110, and the Florida Constitution. (Doc. 5). Thereafter, Defendants removed the case based on federal-question jurisdiction, asserting that the Plaintiffs' complaint alleges violations under the FMWA *and* the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq*. (Doc. 1). Plaintiffs, however, argue that the complaint merely references portions of the FLSA, which are incorporated into the FMWA, but does not assert an actual claim under the FLSA. Therefore, Plaintiffs assert that the court lacks subject-matter jurisdiction and they move to remand this matter back to state court. (Doc. 13).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). As such, a defendant must show that an action "aris[es] under the Constitution, laws, or treaties of the United States" where "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." 28 U.S.C. § 1331; *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).

In cases removed under a court's federal question jurisdiction, it is well-established that the "well-pleaded complaint" rule controls. The rule provides that "the plaintiff's properly pleaded complaint governs the jurisdictional determination." *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). That is, a case may be removed "based on federal question jurisdiction 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." *Id.* (quoting *Mottley*, 211 U.S. at 152).

Here, Defendants argue that Plaintiffs' complaint clearly states this is an action for violation of the FMWA *and* FLSA. (Doc. 1 at 2). However, Plaintiffs only allege one claim—based on the FMWA—and seek relief solely under state law. (Doc. 1 at 17-22). While Plaintiffs allege violations of the FLSA, they only do so insofar as is necessary to establish a claim under the FMWA and do not assert a

claim or remedy under the FLSA itself. (*See, e.g.*, Doc. 1 at 17, noting that Plaintiffs were employees of Defendants under FLSA rules). Previous rulings from this district have held that FMWA claims alone do not establish federal-question jurisdiction. *See Hanna v. CFL Pizza, LLC*, No. 6:11-cv-1837-Orl-22DAB, 2012 WL 515875, *6 (M.D. Fla. Jan. 30, 2012) ("Merely because the court might consider the FLSA's reimbursement regulations as persuasive authority . . . [and the FLSA may] 'guide the construction' of the Florida Minimum Wage Act does not mean that a 'substantial federal question' is present"); *May v. Steak N Shake Operations, Inc.*, No. 3:14-cv-912-J-32JRK, 2014 WL 7251637 (M.D. Fla. Dec. 18, 2014), (holding a plaintiff seeking relief under the FMWA alone did not create federal-question jurisdiction); *cf. Roman v. Hooters Spring Hill, Inc.*, No. 8:16-cv-01332-T-24 MAP, 2016 WL 8997452 (M.D. Fla. July 8, 2016) (finding federal-question jurisdiction because the plaintiff's prayer for relief—unlike the one here—expressly asked the court to declare a violation of the FLSA and to award remedies under it). Therefore, without a federal cause of action, the FLSA references are insufficient to justify federal-question jurisdiction.

Nevertheless, Defendants also argue that the complaint contains an embedded federal question. In particular, Defendants contend that "Plaintiffs' right to relief expressly depends, at least in part, on federal law," as demonstrated by the repeated references to the FLSA, which grants this court federal-question jurisdiction. (Doc.

1 at 3). A state law claim bearing an embedded federal question can create jurisdiction if the federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).[1] Conversely, if the embedded federal element only arises as a defense to the state law claim, there is no federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). At bottom, embedded federal questions are rarely found as there is only a "special and small category" of cases that can satisfy the *Grable* test. *Gunn*, 568 U.S. at 258 (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).

On that score, Defendants have failed to demonstrate that this is one of those special cases in which an embedded federal question exists. We need only address the third factor—the substantiality of the federal element—which is transparently

[1] Regarding embedded federal issues in a state claim, the Supreme Court has warned,

> "For many cases in which federal law becomes relevant only insofar as it sets bounds for the operation of state authority . . . 'The most one can say is that a question of federal law is lurking in the background, just as farther in the background there lurks a question of constitutional law, the question of state power in our federal form of government. A dispute so doubtful and conjectural, so far removed from plain necessity, is unavailing to extinguish the jurisdiction of the states.'"

*Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 11-12 (1983) (quoting *Gully v. First Nat. Bank*, 299 U.S. 109, 117 (1936)).

insufficient under *Grable*.[2] *See AST & Sci. LLC v. Delclaux Partners SA*, 143 F.4th 1249, 1253 (11th Cir. 2025) (finding no subject matter jurisdiction after only considering the substantiality of the federal issues in the complaint). Substantiality has its own three-factor analysis: if (1) "a pure question of law" is presented; (2) the answer to the federal issue will control many other cases; and (3) the government has "a strong interest in litigating in a federal forum." *MDS (Canada) Inc. v. Rad Source Techs., Inc.*, 720 F.3d 833, 842 (11th Cir. 2013) (per curiam) (quoting *Grable*, 545 U.S. at 315-16).

The complaint falls short of meeting any of these factors. The complaint does not present a pure question of federal law. To be sure, purely legal federal questions include those that, for example, put at issue the constitutionality of a federal statute, or question whether the acts of a federal agency comport with a federal statute. *AST & Sci.*, 143 F.4th at 1254. Notably, a claim that includes a federal issue is not purely legal if it is "fact-bound and situation-specific." *Id.* (quoting *Empire Healthchoice*, 547 U.S. at 700). Plaintiffs' invocation of the FLSA in their complaint is likely to only yield fact-bound contention. Furthermore, the pleadings do not signal any significant dispute as to the constitutionality or proper interpretation of the FLSA. Rather, the primary dispute appears to be whether Defendants engaged in tip pooling

---

[2] Although they bear the burden of proving jurisdiction in a removal action, Defendants lackadaisically apply the *Grable* test and discuss only one of the three relevant factors in their substantiality analysis.

and crediting though permissible means. The lack of a pure legal question demonstrates a lack of substantiality.

Second, the answer to any federal question here is unlikely to have precedential effect in other cases. If a question on a federal issue is "heavily fact-bound . . . [any resolution] is unlikely to control any future cases." *MDS*, 720 F.3d at 842. As noted above, any dispute over the FLSA is likely to be fact-bound, making it "unlikely to impact any future constructions of claims," signaling the federal issue over the FLSA to be unsubstantial. *Id.*

Third, the federal government has no strong interest in this dispute. The government's interest is demonstrated when it is a party or some government action relates to or is the basis of the suit. *AST*, 143 F.4th at 1254; *see, e.g., Grable*, 545 U.S. at 314 (finding a sufficient government interest in a quiet title action over land the IRS had seized to resolve a tax delinquency). Neither party alleges any involvement by the federal government or any relevant government action to the suit. Therefore, the federal government has no strong interest in the suit.

Considering the absence of the three factors from Plaintiffs' complaint, there is no substantiality to the embedded federal issues here. Without substantiality, there can be no § 1331 jurisdiction predicated on the FLSA references in the initial complaint.

Plaintiffs' motion to remand (Doc. 13) is **GRANTED**.[3] If no Rule 72(a) objection is filed within 14 days, the clerk will be directed to remand the action.

**ORDERED** on October 5, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge

---

[3] "Notwithstanding any provision of law to the contrary," the disposition of any issue by a magistrate judge may be reviewed by a district judge. 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 154 (1985) (magistrate-judge orders are reviewable even when no party objects to them). So, while a remand order by a district judge (or a magistrate judge presiding over a "consent case" under 28 U.S.C. § 636(c)) is generally "not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), a district judge may review a magistrate judge's remand order. *See Wyatt v. Walt Disney World, Co.*, No. 5:97-CV-116-V, 1999 WL 33117255, *5 (W.D.N.C. July 26, 1999) (holding that § 636(b)(1) trumps § 1447(d)).

Generally, parties who timely object to a magistrate judge's action are entitled to clear-error review. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72 advisory committee notes (explaining that Rule 72(a) objections correspond to matters referred under § 636(b)(1)(A), and Rule 72(b) objections correspond to matters referred under § 636(b)(1)(B)); *Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) ("The terms 'dispositive' or 'nondispositive' in Rule 72 do not create categories separate from the statute which Rule 72 implements."). There are eight exceptions; and to view the list as merely illustrative is to leave it to the courts to rewrite the statute and create a patchwork of inconsistent regimes throughout the country. *See* 28 U.S.C. § 636(b)(1)(A); *Wachovia Bank, N.A. v. Deutsche Bank Tr. Co. Americas*, 397 F. Supp. 2d 698, 701 (W.D.N.C. 2005) ("[T]he language of § 636(b)(1)(A) is exceedingly clear that a magistrate judge may 'hear and determine any pretrial matter pending before the court, except' a very specific list of eight matters. Congress would be hard-pressed to use language more clearly indicating its intent to create an exhaustive list than 'any…except.'").

A remand motion is not among the eight exceptions. *See Turnmeyer-Cook v. Winnebago Indus., Inc.*, No. 16-CV-3088-LTS, 2016 WL 6080202, *4 (N.D. Iowa Oct. 17, 2016) ("Congress explicitly set out matters that are not within the authority of a magistrate judge … remand is not among them"); *Franklin v. City of Homewood*, No. CIV. A. 07-TMP-006-S, 2007 WL 1804411, *3 (N.D. Ala. June 21, 2007) (same); *Johnson v. Wyeth*, 313 F. Supp. 2d 1272, 1275 (N.D. Ala. 2004) ("The court believes that the magistrate judge in this case was within the authority granted him by § 636(b)(1)(A) to order remand *as long as an opportunity was provided for any party to seek a Rule 72 review of the order.*") (emphasis added); *see generally* Peter J. Gallagher, In Search of A Dispositive Answer on Whether Remand Is Dispositive, 5 Seton Hall Circuit Rev. 303 (2009). Indeed, by only excepting Rule 12(b)(6) motions and not all Rule 12(b) motions, the federal-magistrate-judge statute (28 U.S.C. § 636) provides that magistrate judges may dispose of jurisdictional and venue motions—Rules 12(b)(1) through (3)—by order; and a remand motion likewise concerns forum-selection issues and not the merits of a claim or defense.

It appears that no federal circuit court has taken issue with a magistrate judge's remand

order that explicitly protects the parties' rights to request district-judge review, as is done here. And judicial efficiency—the very object of § 636 and the mandate of Civil Rule 1—compels this approach. An order to which there is no objection requires no further work by the district judge, but a recommendation—even in the absence of any objection—does. *Cf. Thomas*, 474 U.S. at 148 (requiring district-judge review of a magistrate judge's finding despite the absence of any objection would be "an inefficient use of judicial resources"). As the court sagely observed in *Johnson*, 313 F. Supp. 2d at 1273: "Why should the district judge be involved at all if no party timely objects to the order of remand?"